**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| NEXT TECHNOLOGIES, INC., | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| THERMOGENISIS, LLC, DBA WORKWHILEWALKING AND IMOVR, LARRY SWANSON, AND RON WIENER, | § § § § § § | A-15-CV-00225-LY-ML |
| Defendants, | § | |

**ORDER ON JURISDICTIONAL DISCOVERY**

Before the Court is the above-referenced case, in which Plaintiff Next Technologies, Inc.'s Amended Motion for Limited Discovery on Jurisdiction [Dkt. #15], Defendants' Response thereto [Dkt #17], and Next Technologies, Inc.'s Reply [Dkt. #16] have been referred to United States Magistrate Judge Mark Lane for disposition. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72; Loc. R. W.D. Tex. App'x. C, Rule 1(d). The Court set the Amended Motion for Limited Discovery on Jurisdiction [Dkt. #15] and related briefing for hearing on Thursday, July 30, 2015. Counsel for Plaintiff and counsel for Defendants appeared and participated in the hearing.

The issue presently before the Court is not whether Plaintiff has established personal jurisdiction over the Individual Defendants. The Court today decides whether Plaintiff is entitled to pursue limited jurisdictional discovery to support the claim that personal jurisdiction over the Individual Defendants exists. Having considered the Amended Motion for Limited Discovery on Jurisdiction [Dkt. #15], the related briefing, the argument of counsel at the hearing, the relevant case law, and the case file as a whole, the Court issues the following Opinion and Order.

1

**I.     Background**

Plaintiff Next Technologies, Inc. manufactures "walking desks" or "treadmill desks" in Texas. Compl. [Dkt. #1] at ¶9. Plaintiff alleges Defendant ThermoGenisis, Inc. ("ThermoGenisis") markets a competing desk product and, in a false advertising scheme, purports to host an "independent review site" called WorkWhileWalking.com. *Id.* at ¶¶ 13-19. Plaintiff alleges the Individual Defendants, Ron Wiener and Larry Swanson, are responsible for the content of this website. *Id.* at ¶¶ 16-17. The website reviews the pros and cons of various walking desks, including desks produced by ThermoGenisis and desks produced by its competitors. *Id.* at ¶ 19. Plaintiff alleges the WorkWhileWalking.com reviews are not independent, but are advertisements for Defendant ThermoGenisis' products. *Id.* Plaintiff further alleges reviews posted on the WorkWhileWalking.com site contain false, misleading, and defamatory statements about Plaintiff's products. *Id.* at ¶ 26.

Plaintiff asserts Individual Defendant Ron Wiener, the Manager and CEO of ThermoGenisis and sometime Editor in Chief of WorkWhileWalking.com, approached Plaintiff in 2013 about partnering to make WorkWhileWalking.com a distributor or affiliate of Next Technologies. *Id.* at ¶¶ 24-25. Plaintiff asserts that, prior to these overtures, WorkWhileWalking.com posted a very favorable review of a Next Technologies product. *Id.* at ¶¶ 20-21. After Plaintiff declined to enter the proposed business arrangement, however, WorkWhileWalking.com posted a number of allegedly false and defamatory reviews of Plaintiff's products. *Id.* at ¶ 26.

Plaintiff sent WorkWhileWalking.com a cease and desist letter in January of 2015 and received a response letter signed by Individual Defendant Larry Swanson, who was then acting as Editor in Chief of WorkWhileWalking.com, in February of 2015. *Id.* at ¶¶ 27-30. Plaintiff

2

asserts this letter suggested that the ratings of its products were tied to whether it was willing to do business with WorkWhileWalking.com as a distributor or affiliate. *Id.* Plaintiff alleges that in February of 2015, shortly after it received the Swanson letter, the WorkWhileWalking.com review of Plaintiff's NextDesk product was modified to remove some of the defamatory and misleading statements, but that the posted review, as modified, still contained false, misleading, and defamatory statements. *Id.* at ¶¶ 31-32, 47.

Plaintiff has sued ThermoGenisis (d/b/a WorkWhileWalking.com and iMovr), Wiener, and Swanson. Plaintiff sues Thermogenisis under the Lanham Act, 15 U.S.C. § 1125, alleging the entire "independent" WorkWhileWalking.com website is a false advertising scheme for ThermoGenisis products. *Id.*, Counts One and Two. Plaintiff has sued all Defendants, including Wiener and Swanson, for copyright violation pursuant to 17 U.S.C. § 106, alleging the images of Next Technologies' products displayed on the WorkWhileWalking.com website were posted without authorization. *Id.*, Count Three. Plaintiff further alleges against all Defendants, including Wiener and Swanson, state law claims of tortious interference with contractual relations and prospective business relationships, defamation per se, and defamation. *Id.*, Counts Four to Seven.

ThermoGenisis, LLC ("ThermoGenisis") has answered the Complaint, *see* Answer [Dkt. #7], thus conceding personal jurisdiction is proper in the Western District of Texas. *See* Fed. R. Civ. P. 12(b)(2), 12(h). Larry Swanson and Ron Wiener (the "Individual Defendants") have responded to the Complaint with a Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. #6], asserting the fiduciary shield doctrine applies to nullify any contacts with Texas arising out of their work on behalf of Thermogenisis. *Id.* at 5-9. The merits of this motion are not currently before the Court. First, it is necessary to determine whether Plaintiff is entitled to limited

jurisdictional discovery before answering the Individual Defendants' Motion to Dismiss [Dkt. #6].

Plaintiff's Amended Motion for Limited Discovery on Jurisdiction [Dkt. #15], filed in response to the Individual Defendants' Motion to Dismiss [Dkt. #6], seeks discovery to support its contention that the fiduciary shield doctrine does not prevent this Court from exercising specific personal jurisdiction over Wiener and Swanson. Am. Mot. Disc. [Dkt. #15] at 7-10. There are two exceptions to the fiduciary shield doctrine: It does not shield an individual from personal jurisdiction arising out of his own allegedly tortious actions, even if taken while working for a corporate entity, and it does not apply when the corporation at issue is merely an alter ego of the individual Defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1197-98 (5th Cir. 1985). Plaintiff asserts both exceptions apply here. Am. Mot. Disc. [Dkt. #15] at 7-10.

First, Plaintiff alleges Wiener was individually responsible for soliciting Plaintiff in Texas as a business partner. *Id.* at 9-10. Plaintiff further alleges Wiener was individually responsible for causing defamatory reviews of Plaintiff's products to be posted on WorkWhileWalking.com in retaliation for Plaintiff's refusal to do business with him. *Id.* at 7-8. With regard to Swanson, Plaintiff alleges he signed and sent a letter implying that the website's negative reviews of Plaintiff's products would continue unless Plaintiff agreed to reopen negotiations concerning a business relationship with Defendants. *Id.* at 8. Plaintiff further alleges Swanson, as the Editor in Chief of WorkWhileWalking.com in February of 2015, was individually responsible for causing the still-defamatory modifications to the original negative reviews of Plaintiff's product to be posted to WorkWhileWalking.com. *Id.* at 7-8.

Additionally and in the alternative, Plaintiff asserts the alter ego exception to the fiduciary shield doctrine applies with respect to Individual Defendant Ron Wiener. *Id.* at 9.

4

Plaintiff points out that Wiener solicited Plaintiff's business without disclosing the existence of ThermoGenisis, and one of the reasons Plaintiff declined the proffered business relationship was that Wiener did not seem to have a fully-formed business at the time of the negotiations. *Id*. Plaintiff also notes that, in the course of its due diligence, it was informed and believed that Wiener had started several businesses that had failed. *Id.* at 9 and n.9. Plaintiff alleges it is therefore reasonable to infer that Wiener has a pattern of engaging in business ventures that are inadequately capitalized, and that ThermoGenisis/WorkWhileWalking.com is likely cut from the same cloth. *Id.* at 9. Plaintiff therefore seeks jurisdictional discovery into the issue of whether ThermoGenisis is or was being operated as an alter ego of Wiener from 2013 to the present. *Id.*

Plaintiff has propounded 13 Requests for Production and 7 Interrogatories to the Defendants, focusing on the issues described above. Am. Mot. Disc. [Dkt. #15], Ex. A. Defendants have objected to the legal basis for allowing any jurisdictional discovery, *see generally* Df's Resp. [Dkt. #17], but have not lodged any objection as to the content of any of individual requests for production and interrogatories propounded, should jurisdictional discovery be granted. *See id.* At the hearing, the Court specifically inquired into any objections Defendants might have as to the individual requests and interrogatories, and no objection to the content of the discovery requests was raised.

## II.     Standard of Review

Plaintiff alleges this Court has specific personal jurisdiction over the Individual Defendants. Specific jurisdiction must be analyzed on a claim-by-claim basis. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W. 3d653, 600 (Tex. 2010); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006). The Court need not assess contacts on a claim-by-claim

basis, however, "if all claims arise from the same forum contacts." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150-51 (Tex. 2013).

To the extent there is a factual dispute regarding the existence of contacts sufficient to support personal jurisdiction, it is the Court's responsibility to determine whether the disputed contact occurred—"regardless of whether that contact is also an element of liability." *Leesboro Corp. v. Hendrickson*, 322 S.W.3d 922, 933 (Tex. App.—Austin 2010, no pet.) (citing *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 659 (Tex. 2010)). In the course of making necessary findings of jurisdictional fact, the Court has broad discretion to permit a party to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982).

To support a request for jurisdictional discovery, Plaintiff must first make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). A preliminary showing does not require proof that personal jurisdiction exists, but "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id.* (internal citation omitted). In other words, Plaintiff must state what facts discovery is expected to uncover and how those facts would support personal jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). "'If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Fielding*, 415 F.3d at 429 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir., 2003)).

**III.   Analysis**

The Court finds Plaintiff has presented adequate factual allegations to support limited jurisdictional discovery in this matter. *Fielding*, 415 F.3d at 429 (quoting *Toys "R" Us*, 318

F.3d at 456). First, Plaintiff has adequately alleged that Defendants' online activities may support personal jurisdiction. *Hawbecker*, 2015 U.S. Dist. LEXIS 20215 at *7-12. Limited jurisdictional discovery is necessary to show to what extent Defendants' online activities were "directed" at the forum state. *Id.* Second, Plaintiff has adequately alleged the "individual action" exception to the fiduciary shield doctrine applies to the Individual Defendants. *Wireless Toyz*, 255 F. App'x. at 795. Limited jurisdictional discovery is needed to determine to what extent the allegedly tortious online activity was committed by Wiener and/or Swanson individually or under their individual direction. *Id.* Finally, Plaintiff has adequately alleged that the "alter ego" exception to the fiduciary shield doctrine applies to Wiener. *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-0808, 2015 U.S. Dist. LEXIS 60919, *27-28 (N.D. Tex. May 8, 2015); *Dreher v. DGU Ins. Assocs., LLC*, No. 13-6792, 2014 U.S. Dist. LEXIS 85734, *5-6 (E.D. La. June 24, 2014). Further jurisdictional discovery is necessary to determine whether the actions of ThermoGenisis (a Defendant that has already conceded personal jurisdiction) are attributable to Wiener on this basis. *Fiduciary Network*, 2015 U.S. Dist. LEXIS 60919 at *27-28.

### A.   Plaintiff Has Alleged Facts Sufficient to Warrant Jurisdictional Discovery Regarding the Individual Defendants' Involvement with WorkWhileWalking.com

The Individual Defendants have argued, as a threshold matter, that even if the content posted on the website WorkWhileWalking.com, which is the subject matter of this lawsuit, is attributable to them, it can never support personal jurisdiction in Texas because it is passive content that is equally available to Internet users everywhere. Resp. [Dkt. #16] at 4-6. This argument is somewhat blunted, as a practical matter, by the fact that their corporate codefendant, ThermoGenisis, represented by the same attorneys, has already conceded personal jurisdiction in

7

this forum based on the same website content. Ans. [Dkt. #7]. More importantly, the Court finds Plaintiff's allegations concerning the allegedly defamatory product reviews posted on the WorkWhileWalking.com website establish purposeful conduct directed at soliciting business from Texas and taking business from a Texas manufacturer. Plaintiffs have made a prima facie showing sufficient to support further jurisdictional discovery on this issue. *Fielding*, 415 F.3d at 429 (quoting *Toys "R" Us*, 318 F.3d at 456).

In the context of online torts, the Fifth Circuit applies a "sliding scale" test first described in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), to decide whether a defendant has sufficient minimum contacts with the forum state via the internet. *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002); *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). At one end is a "passive" website that merely allows the owner to post information; "[i]t will not be sufficient to establish personal jurisdiction." *Revell*, 317 F.3d at 470. Personal jurisdiction will be proper in cases at the other end of the spectrum where the site "owners engage in repeated online contacts with forum residents over the internet." *Id.* "In between are those sites allow[ing] for bilateral information exchange." *Id.* The middle cases require an examination of the extent of the interactivity and nature of the forum contacts. *Id.*

Defendants argue their website is entirely passive and thus cannot support personal jurisdiction. Resp. [Dkt. #16] at 4-6. But the WorkWhileWalking.com website—in particular, the "Review" section challenged in this lawsuit—invites readers to rate products and write their own reviews to be posted on the site. *See generally http://www.workwhilewalking.com/product-reviews* (last visited August 3, 2015). In fact, one of the specific allegations of Plaintiff's complaint is that Defendants have made misleading representations on the "Review" page that Plaintiff's product, the NextDesk, has no customer reviews. Compl. [Dkt. #1] ¶ 48. The

Complaint challenges statements on the website that cite "the comments and notes that customers have left about the NextDesk" as authority for certain allegedly false negative remarks about one of Plaintiff's products. *Id.* at ¶ 59. Further, Plaintiff specifically alleges the WorkWhileWalking.com website has an interactive "chat" capability, and that in January of 2014 a WorkWhileWalking.com representative made false and misleading statements during a chat session with a "potential customer" about the NextDesk Terra (another of Plaintiff's products), comparing it unfavorably to a similar ThermoGenisis product. *Id.* at ¶ 19.

Far from being a passive website that cannot support personal jurisdiction, these factual allegations suggest the WorkWhileWalking.com website has the type of repeated and interactive contacts that would support specific personal jurisdiction if sufficient evidence exists that purposeful and misleading interaction was directed at residents of Texas. *Hawbecker*, 2015 U.S. Dist. LEXIS 20215 at *11 (citing *Revell*, 317 F.3d at 470). At a minimum, it appears the WorkWhileWalking.com website fits into "the intermediate *Zippo* category, and could potentially form the basis for specific jurisdiction." *Ford v. Mentor Worldwide, LLC*, 2 F. Supp. 3d 898, 905 (E.D. La. 2014).

In the context of allegedly defamatory postings on an "intermediate" interactive website, the Fifth Circuit has held that personal jurisdiction requires a showing that "'(1) the subject matter of and (2) the sources relied upon for the article were in the forum state.'" *Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005)). Additionally, the Texas Supreme Court has found that specific jurisdiction may lie where a defendant's out-of-state (or online) activities are purposefully "aimed at getting extensive business in or from the forum state." *See Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 153 (Tex. 2013).

9

Here, Plaintiff's Texas business and its products are the subject of the allegedly defamatory reviews and at least one allegedly defamatory chat session. Further, Plaintiff specifically alleges "the defamatory, false, and misleading reviews began only after Next Technologies declined ThermoGenisis' request to become an affiliate of or dealer for NextDesk." Compl. [Dkt. #1] at ¶ 80. Plaintiff has sufficiently alleged the Defendants' website posted defamatory reviews and customer communications concerning a Texas competitor in order to pressure the competitor into reconsidering a proposed business combination and/or in order to gain market share from the Texas-based business. If true, these allegations would support the exercise of personal jurisdiction. *See Montcrief Oil*, 414 S.W.3d at 153-54; *Hawbecker*, 2015 U.S. Dist. LEXIS 20215 at *7-12. Therefore, to the extent the Individual Defendants have provided affidavits and argument to the effect that their online activities with respect to WorkWhileWalking.com are categorically insufficient to support personal jurisdiction in Texas, Plaintiff is entitled to limited jurisdictional discovery on this issue. *Fielding*, 415 F.3d at 429 (quoting *Toys "R" Us,* 318 F.3d at 456.

**B.     Plaintiff has Alleged Facts Sufficient to Warrant Jurisdictional Discovery Regarding The Individual Defendants' Actions In Their Individual and Official Capacities**

The Individual Defendants next contend the "fiduciary shield" doctrine should apply to prevent the attribution of any forum contacts of Thermogenisis or its subsidiaries to either of them, so long as each man was acting in the interest of the company at the time of the alleged forum contact. Resp. [Dkt. #16] at 8; *see generally* Mot. Dism. [Dkt. #6]. The fiduciary shield doctrine states that "an individual's ***transaction of business*** within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation." *Stuart*, 772 F.2d at 1197 (emphasis added). The doctrine

10

"does not protect a corporate officer from specific personal jurisdiction as to *intentional torts or fraudulent acts* for which he may be held individually liable." *Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 693-94 (S.D. Tex. 2011) (quoting *Cerbone v. Farb*, 225 S.W.3d 764, 769 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (emphasis added)). A corporate officer whose allegedly tortious activity occurs outside the state, but is directed into and causes tortious injury within Texas, is subject to specific personal jurisdiction in Texas. *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 973-74 & n.10 (5th Cir. 1984), *Wireless Toyz*, 255 F. App'x at 794-95; *Pension Advisory Group*, 771 F.Supp. 2d at 694-95.

      Plaintiff has sufficiently alleged that Wiener and Swanson each took individual tortious action that was libelous and/or had the intent and effect of interfering with Plaintiff's business. Plaintiff alleges Wiener solicited a business partnership in 2013, accompanied by favorable reviews of Plaintiff's products on WorkWhileWalking.com, and when Plaintiff rebuffed the overture, Wiener retaliated by causing misleading and defamatory reviews of Plaintiff's products to be posted to the same website. With regard to Swanson, Plaintiff alleges he signed and sent a letter that contained thinly veiled suggestions that the negative reviews would stop if Plaintiff resumed business negotiations with Defendants. Plaintiff further allege Swanson was responsible for modifying the WorkWhileWalking.com reviews of Plaintiff's products in February of 2015, including making the decision to leave certain defamatory statements in place. Defendants' affidavit testimony does not admit or deny these factual allegations, but suggests there were multiple people responsible for the content of the Swanson letter and the website posts. Therefore, Plaintiff is entitled to limited jurisdictional discovery to determine the nature and extent of the Individual Defendants' involvement in or direction over the actions discussed in the Complaint. *Fielding*, 415 F.3d at 429

**C. Plaintiff has Alleged Facts Sufficient to Warrant Jurisdictional Discovery Regarding Whether the Corporate Defendant is an Alter Ego of Wiener**

The Individual Defendants have raised the fiduciary shield doctrine as a defense to personal jurisdiction in this action. The Fifth Circuit has long recognized that the fiduciary shield doctrine does not apply to the personal jurisdiction analysis where the corporation is merely an alter ego of the individual defendant. *Stuart*, 772 F.2d at 1197.

Though the Individual Defendants have put the alter ego exception at issue by pleading the fiduciary shield defense, Wiener and Swanson contend Plaintiff is not entitled to any jurisdictional discovery into alter ego because this theory is not plead in the Original Complaint.[1] "The failure to allege an alter ego theory does not by itself justify application of the fiduciary shield doctrine; if it did, the doctrine would become a jurisdictional stalking horse for the common-law doctrine of respondeat superior and indeed would expand its scope." *Casares v. Agri-Placements Int'l, Inc.*, 12 F. Supp. 3d 956, 969 (S.D. Tex. 2014) (citing Calder v. Jones, 465 U.S. 783, 790 (1984)).

Plaintiff has made specific allegations in response to the Individual Defendants' invocation of the fiduciary shield doctrine that raise a fact question as to whether this exception to the doctrine should apply to Wiener. *See Dreher*, 2014 U.S. Dist. LEXIS 85734 at *5-6 (analyzing the alter ego exception to the fiduciary shield doctrine and noting that plaintiff's burden at the 12(b)(2) motion to dismiss stage is only to show a prima facie case of personal jurisdiction). In the context of this discovery motion, Plaintiff has raised "at least a fact issue

---

[1] As a matter of common sense, this argument can be given little weight at this early stage in the proceedings: At the time Plaintiff filed its for Amended Motion for Limited Discovery on Jurisdiction (which contained a motion for an extension of time to respond to the Individual Defendants' Motion to Dismiss) [Dkt #15], Federal Rule of Civil Procedure 15(a)(1) gave Plaintiff the right to amend the complaint as a matter of course. Even now, Rule 15(a)(2) requires this court to "freely give leave when justice so requires." *Id.*

with respect to [Wiener's] actions on [Thermogenisis'] behalf," *Fiduciary Network*, 2015 U.S. Dist. LEXIS 60919 at *27-28, and "[t]he Court is not satisfied that the [affidavits and other evidence produced by Defendants] conclusively foreclose an alter ego theory." *Id.* Therefore, limited jurisdictional discovery into the issue of whether Thermogenisis is an alter ego of Wiener (or was during any of the events underlying the suit) is appropriate. *Id.*

### D. The Discovery Requested Is Narrowly Tailored and Specific to the Issues Noted Above.

The Individual Defendants contend *any* jurisdictional discovery is inappropriate in this case. They have not, however, objected to any particular request or interrogatory as exceeding the permissible scope of such discovery, should it be granted. At the hearing, the Court expressly provided counsel for the Individual Defendants an opportunity to object to specific requests, and no objections to the content of the individual discovery requests were lodged. The Court has reviewed the requests for production and interrogatories propounded by the Plaintiff and is of the opinion each falls well within the appropriate scope of the limited jurisdictional discovery necessary to resolve the jurisdictional fact issues identified above.

## IV. Conclusion

In accordance with the foregoing,

IT IS ORDERED that Plaintiff Next Technologies, Inc.'s Amended Motion for Limited Discovery on Jurisdiction [Dkt. #15] is GRANTED.

IT IS FURTHER ORDERED that the Individual Defendants, Larry Swanson and Ron Wiener, shall respond to Plaintiff's First Set of Requests for the Production of Documents and Interrogatories Limited to Jurisdictional Issues within thirty (30) days of the service of this

Order. Because Defendants have been given ample opportunity to raise specific objections to the scope and substance of the discovery requests, both in the briefing and at the hearing, and no such objections were raised, the Court deems any such objections waived and ORDERS the Defendants to answer the discovery requests in full and as written.

IT IS FINALLY ORDERED that Plaintiff shall respond to the Individual Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction [Dkt. #6] within ten (10) days of the actual receipt of all documents requested and answers to interrogatories propounded in Plaintiff's First Set of Requests for the Production of Documents and Interrogatories Limited to Jurisdictional Issues. Per Local Rule CV-7(f)(2), the Individual Defendants shall have seven (7) days from the filing of Plaintiff's Response to file any Reply.

SIGNED August 4, 2015,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE